# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JEANNINE WRIGHT,

    Plaintiff,

v.

Case No. 2:10-cv-11228-GCS-RSW
Hon. George Caram Steeh

PROVIDENCE HOSPITAL AND
MEDICAL CENTERS, INC.,

    Defendant.

| | |
|---|---|
| Richard A. Meier (P38204)<br>Attorney for Plaintiff<br>30300 Northwestern Hwy., Suite 320<br>Farmington Hills, MI 48334<br>(248) 932-3500<br>meier900@netscape.net | HALL RENDER KILLIAN HEATH & LYMAN, PLLC<br>Bruce M. Bagdady (P40476)<br>Larry R. Jensen (P60317)<br>Attorneys for Defendant<br>201 West Big Beaver Road, Suite 1200<br>Troy, MI 48084<br>(248) 740-7505<br>bbagdady@hallrender.com<br>ljensen@hallrender.com |

## **STIPULATED PROTECTIVE ORDER**

Plaintiff Jeannine Wright, and Defendant Providence Hospital and Medical Centers, Inc., by and through their respective counsel, hereby stipulate and agree as follows:

    1.    This Stipulated Protective Order shall govern all information, documents and other materials produced by the parties in the course of this action, whether produced or obtained pursuant to a request made at deposition or any other formal or informal means (hereinafter "Confidential Information").

    2.    Confidential Information produced by the parties is hereby designated as "CONFIDENTIAL" and shall not be used or shown, disseminated, copied, or in any way communicated to non-parties other than as required for discovery, preparation and trial of the

instant cause of action and as otherwise provided herein.

3. Absent prior written consent of opposing counsel, or an Order of this Court, the parties shall not disclose Confidential Information produced in this case except to the following persons (hereinafter referred to as "Qualified Persons"):

    a. Attorneys of record, the court, and court reporters in this action;

    b. Employees of counsel assigned to assist in the preparation of and trial of this cause of action;

    c. Members of any alternative dispute resolution group or individual selected by the parties and/or required by the Court; and

    d. Expert and lay witnesses.

4. When given access to any Confidential Information, each Qualified Person to whom a party intends to deliver, exhibit, or disclose any documents covered by this Order shall be advised of its essential terms.

5. The parties' counsel shall keep records relating to the distribution of Confidential Information to Qualified Persons. Any copies of Confidential Information shall be returned to the disclosing party's counsel immediately upon completion of the Qualified Person's involvement in this cause of action.

6. To the extent that any Confidential Information is used in the taking of depositions, all such documents shall remain subject to the provisions of this Order.

7. This Order shall not be deemed a waiver of any party's right to object to the admissibility or use of any Confidential Information in this action.

8. Nothing herein shall be deemed or construed as a waiver of any applicable privilege, right of privacy or proprietary interest with respect to any Confidential Information.

Inadvertent production or disclosure of any privileged document or communication by any party shall not be deemed or construed as a waiver of any applicable attorney-client or work product privilege either generally or specifically with respect to particular documents, testimony or information and/or the subject matter thereof, provided that notice in writing that such privileged material was produced or disclosed inadvertently produced materials (including all copies thereof) as to which a claim of privileged is asserted shall, absent a court order to the contrary, promptly be returned to the producing party.

9. Upon the termination of the instant cause of action, all Confidential Information produced in this litigation and copies or reproductions will be returned to opposing counsel or destroyed.

10. The provisions of this Order shall continue to be binding even after termination of the instant cause of action, until released by agreement of the parties and shall survive the entry of a final judgment herein.

IT IS SO ORDERED.

s/George Caram Steeh
U. S. District Court Judge

Dated: June 21, 2010

Approved as to form and content:

/s/ Richard A. Meier
Richard A. Meier (P38204)
Attorney for Plaintiff
30300 Northwestern Hwy., Suite 320
Farmington Hills, MI 48334
(248) 932-3500
meier900@netscape.net

/s/ Larry R. Jensen
Larry R. Jensen (P60317)
Attorneys for Defendant
201 West Big Beaver Road, Suite 1200
Troy, MI 48084
(248) 740-7505
ljensen@hallrender.com

950202v.1